**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Shawn WALTON,
Defendant–Appellant.**

**No. 02–5410.**

United States Court of Appeals,
Sixth Circuit.

June 19, 2003.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

### ORDER

Christopher Shawn Walton, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2001, Walton was indicted with federal drug-related violations. The indictment was superseded on September 12, 2001. On July 23, 2001, Walton filed a motion to suppress evidence obtained during a search, arguing that the affidavit used to support the issuance of a search warrant was deficient. Following an evidentiary hearing, the district court denied the motion. Subsequently, in September 2001, a jury convicted Walton of distribution of cocaine and cocaine base in violation of 21 U.S.C. § 841(a) & (b)(1)(A), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and threatening a witness in violation of 18 U.S.C. § 1513. The district court sentenced Walton to a total of 270 months of imprisonment.

In his timely appeal, Walton argues that the affidavit used to support the issuance of a search warrant was deficient, that the issuing judge improperly relied on oral testimony from the affiant, and that the district court improperly determined that the "good faith" exception to the exclusionary rule applied in this case.

Upon review, we conclude that the district court properly denied Walton's motion to suppress. A decision on a motion to suppress evidence is reviewed under two separate standards. First, this court will uphold a district court's factual findings unless they are clearly erroneous. Second, review of the district court's legal determination as to probable cause is de novo. *See United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999). This court will view the evidence adduced during a suppression hearing in the light most favorable to the government. *See id.* A warrant must be upheld as long as the "magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing...." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (quotation internal and citation omitted); *United States v. Sonagere*, 30 F.3d 51, 53 (6th Cir.1994). Decisions "expressly anchored in credibility evaluations of witnesses who testified during the suppression hearing ... [are] beyond appellate review." *United States v. McNeal*, 955 F.2d 1067, 1071 (6th Cir. 1992).

Here, the totality of the circumstances support the finding that the search

warrant was supported by probable cause of criminal activity at Walton's residence. In his affidavit, Officer Hixson stated that he had received information from a confidential informant that the informant had observed narcotics at Walton's residence "within the last 72 hours," and that Walton was selling large amounts of crack cocaine and small amounts of marijuana from his residence at 714 Hooker Road and from his vehicles. Hixson averred that he had conducted an independent investigation to corroborate the informant's information. The affidavit also indicated that the informant had made a "controlled buy" from Walton's residence. Furthermore, Hixson stated that the informant had proven to be reliable, and that the informant had previously provided Hixson with information leading to the arrests of individuals who had violated narcotics laws. Finally, Hixson stated that he had received additional information concerning drug sales at Walton's residence from another officer and another informant.

In addition, the district court properly concluded that the issuing judge was authorized to consider Hixson's oral testimony. In sworn testimony before the magistrate, Hixson stated that the "controlled buy" had occurred on May 18, 2001, and that the "72 hours" language also referred to May 18, 2001. He also testified that he and two other officers had surveilled Walton's residence during the afternoon of May 18 while the informant was buying crack cocaine from Walton. Although Walton argues that Tennessee law prohibited the issuing judge from considering this testimony, it is well settled that federal law governs the question of the validity of a search warrant in a federal proceeding. *See United States v. Bennett*, 170 F.3d 632, 635 (6th Cir.1999). Under federal law, the issuing magistrate judge may take into account oral information provided by the affiant as long as it is provided under oath. *See United States v. Harris*,

255 F.3d 288, 290–93 (6th Cir.), *cert. denied*, 534 U.S. 966, 122 S.Ct. 378, 151 L.Ed.2d 288 (2001). Here, Hixson's testimony was offered under oath, and was therefore properly considered to determine whether probable cause existed to issue a search warrant.

We also conclude that the district court properly concluded that the "good faith" exception applied in this case. For the good faith exception to apply, an officer must have had a reasonable, objective and good faith belief that the search warrant was valid. *United States v. Leon*, 468 U.S. 897, 905, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The good faith exception does not apply if the affidavit for a search warrant is "so lacking in indicia of probable cause as to render official belief in it as entirely unreasonable." *United States v. Van Shutters*, 163 F.3d 331, 337–38 (6th Cir. 1998).

As stated above, a review of the affidavit in this case clearly contains information that would indicate that Walton was illegally selling narcotics. The information set forth in the affidavit constitutes more than just a "bare bones" allegation of wrongdoing, and the search warrant issued based on the affidavit would support Hixson's belief that evidence of wrongdoing existed on the premises to be searched. *See United States v. Williams*, 224 F.3d 530, 532–33 (6th Cir.2000). Hence, even if the affidavit lacked probable cause, the district court properly concluded that the good faith exception applied because Hixson had "a reasonable, objective and good faith belief that the search warrant was valid." *See Leon*, 468 U.S. at 905, 104 S.Ct. 3405.

Accordingly, we affirm the district court's judgment.